## PETER McGOUGH *vs.* THOMAS H. WELLINGTON.

The return of an officer is conclusive in the suit or proceeding in which it is made, but not conclusive in a suit against the officer, in which he relies upon it to prove his case.    It is then in issue, and is only *prima facie* evidence.

A sale of attached property, upon an appraisement in which a brother of the attaching creditor is appointed an appraiser by the officer, is illegal, the appraiser not being disinterested, within the meaning of the law; and such a sale of the property makes the officer a trespasser *ab initio.*

One to whom goods have been sold by a sale which is fraudulent as against creditors of the vendor, may maintain an action against an officer who has attached the same upon a writ against the vendor, upon proof that by illegal proceedings in making a sale thereof the officer has become a trespasser *ab initio ;* although at the time when the action was commenced the officer's proceedings had all been regular and legal.

TORT against a deputy sheriff for the conversion of various articles of furniture and several hundred pounds of pork. The defendant justified the taking of the articles on the ground that he attached them on writs against Ann McGough, to whom they belonged. The writ was dated April 19, 1861.

After the former decision in this case, reported in 4 Allen, 502, the parties agreed that on the 18th of April 1861 Ann McGough, who was then the owner of the articles, executed a bill of sale and made a delivery of them to the plaintiff, but that as against her creditors the sale was fraudulent and void; and that afterwards, on the same day, the defendant attached them on two writs, one in favor of James F. Allyn, and the other in favor of one Carter, which were returnable and entered at June term of the superior court 1861. Judgment for the plaintiff was rendered in each suit at the following October term, and execution was taken out by Allyn, the return upon which set forth that on the 4th of June 1861 Allyn made application for a sale of the property, and on the following day appraisers were appointed, who were certified by the officer to be "discreet and disinterested persons." The appraisers also certified to being "disinterested persons." The goods were sold by public auction on the 15th of June 1861. It was further agreed, if evidence to prove the fact would be competent, that the defendant appointed as an appraiser a brother of the attaching creditor. No execution issued upon Carter's suit.

Upon these facts, judgment was rendered in the superior court for the plaintiff; and the defendant appealed to this court.

*J. Wells,* for the defendant. The return of the officer, especially as it was produced and relied upon by the plaintiff, cannot now be contradicted by him in this action. *Bott* v. *Burnell,* 9 Mass. 96. *Eastabrook* v. *Hapgood,* 10 Mass. 313. *Winchel* v. *Stiles,* 15 Mass. 230. *Whitaker* v. *Sumner,* 7 Pick. 551, 555. *Livermore* v. *Bagley,* 3 Mass. 487, 512. *Bruce* v. *Holden,* 21 Pick. 187, 189. The due return of the writ is a complete defence to an officer for making an attachment. *Russ* v. *Butterfield,* 6 Cush. 242. *Williams* v. *Babbitt,* 14 Gray, 141. The sale, though made on mesne process, is treated as a part of the

proceedings on the levy of the execution. *Eastman* v. *Eveleth*, 4 Met. 137, 145. The irregularities in this case are not such as to make the officer a trespasser *ab initio*. *Eldridge* v. *Lancy*, 17 Pick. 352, 356. *Wolcott* v. *Root*, 2 Allen, 194. *Smith* v. *Egginton*, 7 Ad. & El. 167. *Ash* v. *Dawnay*, 8 Exch. 237. 2 Greenl Ev. § 628.

*G. M. Stearns*, for the plaintiff.

HOAR, J. 1. The return of an officer upon his precept is conclusive evidence in the suit or proceeding in which it is made, but is not conclusive in a suit upon a collateral matter in which the officer is a party, and relies upon it to prove his case. The truth of the return is then in issue, and the return is only *prima facie* evidence. This was adjudged, upon a full review of the authorities, in *Whithead* v. *Keyes*, 3 Allen, 495.

2. The return not being conclusive, it was competent for the plaintiff to prove that one of the appraisers was not a disinterested person ; and it is agreed that he was the brother of the attaching creditor. He therefore would not be "disinterested" within the meaning of the law. *Wolcott* v. *Ely*, 2 Allen, 338. The officer having sold the property attached in a manner unauthorized by law, the sale was tortious, and he became a trespasser *ab initio*.

3. But the defendant contends that, as this suit was commenced against him while his attachment of the property was lawful and regular, there was no cause of action then existing; and that a plaintiff cannot recover upon a cause of action which first accrued after the commencement of the suit; which is undoubtedly true. But the doctrine of trespass *ab initio* is not inconsistent with the rule which limits a plaintiff's recovery to a cause of action which he has when his suit is commenced. An officer who has a precept which authorizes him to take property may take it under and by virtue of his precept; or he may take it wrongfully to convert it to his own use. If at the trial he justifies under his precept, and has conducted himself strictly according to its requirements, he is protected, because he is then entitled to the conclusive presumption that he acted under his lawful authority. But if, before the trial, he has exceeded his

lawful authority, the law presumes that the original taking was not for the purpose of serving his precept, but as a trespasser. The facts which occur after the suit is commenced do not constitute a cause of action, but are merely evidence from which arises the absolute presumption that his first taking was a trespass. The character of his original act is shown by his subsequent conduct. It is in the nature of an admission that he did not act under his precept, and such an admission is as effectual in proof if made at one time as at another. The cause of action is the original unlawful taking. That the original taking was unlawful is shown by his subsequent conduct.

4. The title of the plaintiff to the property in controversy, although that of a grantee by a conveyance fraudulent against creditors, was good as against the vendor, and as against all other persons except creditors proceeding to enforce the collection of their debts in the manner provided by law. It was voidable, and not void; and could only be avoided by creditors, availing themselves of legal process to appropriate the property, and procuring service of the process to be made in a regular and lawful manner. Against an irregular or unlawful seizure and sale it was a valid and perfect title, and the plaintiff may therefore maintain this action.

*Judgment for the plaintiff upon the facts agreed. Damages to be assessed in the superior court.*